IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMIE C. GREEN            )
                          )
    v.                    )    NO. 3:17-1363
                          )
TONY PARKER et al.        )

**TO:**   Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered May 22, 2018 (Docket Entry Nos. 9-10), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Jamie Green ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on October 12, 2017, while an inmate in the custody of the Tennessee Department of Correction ("TDOC"). At the time he filed the lawsuit, he was confined at the Bledsoe County Correctional Center ("BCCC") in Pikeville, Tennessee. He seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated in January 2017 when he was in the custody of the Metropolitan Government of Nashville and Davidson County Sheriff's Office. Upon the initial screening of the complaint under 28 U.S.C. § 1915(e)(2) and 1915A, the Court found that Plaintiff alleged arguable claims against unnamed defendants based on allegations that Plaintiff was denied mental health medication. All other claims and defendants set out in the complaint were dismissed.

The lack of identifiable defendants prevented process from being issued in the case. Accordingly, the Court directed Plaintiff to provide to the Court, by June 29, 2018, either: (1) the

names of the unidentified defendants; or (2) a list of specific requests for documents, information, or questions that are necessary to identify the defendants for the single claim that has been allowed to go forward. *See* Order entered June 6, 2018 (Docket Entry No. 12). Plaintiff was advised that his failure to comply with the Order would result in a recommendation that this action be dismissed for failure to prosecute and/or failure to serve the defendants. In the Order, the Court also noted that Plaintiff was no longer in TDOC custody and that he needed to provide a current address. Plaintiff did not respond to the June 6, 2018, Order, and the only address of record for Plaintiff is the TDOC address he provided when filing his complaint.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant(s) be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Local Rule 41.01 also permits the Court to dismiss an action for unreasonable delay and for the failure of a *pro se* party to keep the Court apprised of his current address.

Dismissal of this case is warranted. It is apparent that Plaintiff has been released from incarceration and that his current whereabout are unknown to the Court. The Court does not have a workable address for Plaintiff, and he has had no contact with the Court about the case since January 2018. *See* Docket Entry No. 8. Further, process cannot be issued to the defendants because they have not been identified by Plaintiff. Plaintiff's unknown whereabouts and his failure to

maintain interest in the action after his release from incarceration have created an impasse in the case that warrants dismissal of the case.

### RECOMMENDATION

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.01.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge